**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

WILLIAM BEAUMONT HOSPITAL –
ROYAL OAK,

           Plaintiff,

v.                                                          Case No. 16-13528

ALEX M. AZAR II, Secretary, Department
of Health and Human Services,

           Defendant.

_____/

**ORDER DENYING JOINT MOTION TO VACATE ORDER AND TO DISMISS CASE**

Plaintiff and Defendant filed a "Joint Motion to Vacate Opinion and to Dismiss

Case." (Dkt. #30.) The motion informs the court that, after years of litigating this case,

the parties have reached a global settlement—but only on a condition that the court

vacate a prior order. The court has reviewed the motion and its supporting brief and

determines that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons

stated below, the court will deny this motion.

Plaintiff Beaumont Hospital filed this case in September 2016 seeking review of

the administrative decision of the Secretary of the U.S. Department of Health and

Human Services (HHS). (Dkt. #1.) At issue was Beaumont's pass-through

reimbursement from Medicare for its nurse clinical training costs. Plaintiff Beaumont

filed a Motion for Judgment (Dkt. #15), and Defendant HHS filed a Response and Cross

Motion for Judgment. (Dkt. #17.) On March 29, 2018 the court issued an Opinion and

Order Denying Plaintiff's Motion for Judgment, Denying Defendant's Motion for

Judgment, and Ordering Further Briefing. (Dkt. #22.) Subsequently, the parties filed this Joint Motion to Vacate Opinion and Dismiss the Case. (Dkt. #30.)

The Motion to Vacate explains that, after years of litigating whether Beaumont submitted sufficient documentation to support its reimbursement, the parties have reached a global settlement. The court would ordinarily approve without much hesitation almost any voluntary agreement to end litigation, but the proposed settlement at issue is conditioned on the court vacating its March 29, 2018 Opinion and Order (Dkt. #22) which, Defendant avers, "could have ramifications beyond the four corners of this litigation." (Dkt. #30, PageID 1410.) Noting that in its opinion the court "addressed how to interpret the regulatory requirements" and "concluded HHS was not entitled to due deference on how to interpret [them]," the parties seek vacatur of that opinion to facilitate settlement of the case. (*Id.*, PageID 1407.) The parties emphasize the fact that they engaged in settlement discussions at the suggestion of the court and argue that "the equities favor vacatur" because it will serve the parties' and public interest and preserve judicial resources. (*Id.*, PageID 1409–13.)

The court is guided by the Supreme Court's opinion in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18 (1994). There, the Court considered whether appellate courts should vacate district court judgments when they become moot because of settlement and held "that mootness by reason of settlement does not justify vacatur of a judgment under review." *Id.* at 29. While the current case concerns a different question—whether the district court should vacate its own non-final opinion and order—and no judgment but only a denial of dispositive motions, the Court's analysis of

2

the purposes of vacatur, the role of settlement, and related policy concerns is highly

instructive.

The fact that the court *can* revise a non-final order "at any time before the entry

of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed.

R. Civ. P. 54(b), in no way establishes that it *should*. "The point of vacatur is to prevent

an unreviewable decision 'from spawning any legal consequences.'" *Camreta v.*

*Greene*, 563 U.S. 692, 713 (2011) (quoting *United States v. Munsingwear, Inc.*, 340

U.S. 36, 40–41 (1950)). Vacatur is an equitable remedy appropriate "[w]hen

happenstance prevents . . . review from occurring," not when a case becomes moot due

to the parties' voluntary action of settling. *Id.*; *U.S. Bancorp*, 513 U.S. at 25. That is

because when parties settle a case, "the losing party has voluntarily forfeited his legal

remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim

to the equitable remedy of vacatur." *U.S. Bancorp*, 513 U.S. at 25.

The court is not well-advised to vacate a previous order simply because one or

both parties are unhappy with its contents. Although doing so may facilitate the

settlement of this case, it would neither serve the public interest nor preserve judicial

resources in its broader effect. Rather, it would create a disincentive for parties to

negotiate settlement earlier in a case. "*Some* litigants, at least, may think it worthwhile

to roll the dice rather than settle . . . if, but only if, an unfavorable outcome can be

washed away by a settlement-related vacatur." *Id.* at 28 (emphasis in original).

Considerable judicial resources have already been expended on this case and

the court has no desire to advance the obvious and unwanted consequence of opening

the floodgates to joint motions for (purportedly) settlement-determinative vacatur. *See,*

*e.g.*, Andrew S. Tulumello, *Shopping for Legal Precedent Through Settlement-Related Vacatur*, 1 Harv. Negot. L. Rev. 213, 214 (1996) ("Settlement-related vacatur threatens the fairness of the judicial system and dampens the normative force of legal judgments by enabling litigants with deep pockets to purchase favorable legal rulings.").

Moreover, the court is aware of no actual value to the parties in vacating the prior opinion and order denying judgment and calling for additional briefing. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta*, 563 U.S. at 709 n.7 (internal citation omitted). The parties understand that the opinion will not disappear, i.e., that it would remain on the CM/ECF docket even if vacated.

If either or both parties contest the court's non-binding analyses and conclusions in the opinion and order, the proper avenue to adjudicate them is through continued litigation. Vacating its opinion so as to somehow lessen its value as a matter of convenience to one or both of the parties, without more, is not a compelling course of action to the court. Accordingly,

IT IS ORDERED that the parties' Joint Motion to Vacate Opinion and to Dismiss Case (Dkt. #30) is DENIED.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 14, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 14, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522